IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOHNNY LEE BALDWIN,**

    **Plaintiff,**

    v.                                      CASE NO. 25-3011-JWL

**SALINE COUNTY JAIL, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the Saline County Jail in Salina, Kansas ("SCJ"). The Court granted Plaintiff leave to proceed in forma pauperis. On March 25, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 11) ("MOSC") granting Plaintiff until April 25, 2025, in which to show good cause why his Complaint should not be dismissed for the reasons stated in the MOSC, or to file an amended complaint to cure the deficiencies. Plaintiff has failed to respond by the Court's deadline.

The Court's MOSC was mailed to Plaintiff at the SCJ, which is his address of record with the Court. The MOSC was returned as undeliverable and unable to be forwarded. (Doc. 12.) Plaintiff has not provided the Court with a notice of change of address. The Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk of any change of address or telephone number." D. Kan. Rule 5.1(b)(3). The Federal Rules of Civil Procedure provide that a paper is served by "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C).

Plaintiff's factual allegations and the Court's screening standards are set forth in detail in the MOSC. The Court found in the MOSC that: Plaintiff's Complaint failed to comply with Fed.

R. Civ. P. 8; Plaintiff's claims against the SCJ are subject to dismissal because prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983; and Plaintiff's claims against the Sheriff are subject to dismissal for failure to allege personal participation.

The Court also found that Plaintiff's claims regarding his medical care and excessive force failed to show that a named official was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they also drew the inference. The Court directed Plaintiff that in filing an amended complaint, he should include information on who was involved from the SCJ. The Court noted that Plaintiff names Mental Health Nurses as defendants but does not give their names. He also names nurses in the body of his Complaint, but they are not named defendants.

The Court also found that Plaintiff references "deputies," "officers," and "nurses," and makes statements that "they" did a certain act. An assertion of collective responsibility fails to adequately allege a claim for relief against a specific defendant or to show personal responsibility by an individual defendant. *See Walker v. Mohiuddin*, 947 F.3d 1244, 1249–50 (10th Cir. 2020) (citing *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013)). A plaintiff alleging civil rights violations must "isolate the allegedly unconstitutional acts of each defendant" such that his allegations "provide adequate notice as to the nature of the claims against each" defendant. *Robbins v. State of Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). Allegations that a plaintiff's "rights 'were violated' or that 'defendants,' as a collective and undifferentiated whole, were responsible for those violations" are insufficient to support § 1983 claims. *Pahls*, 718 F.3d at 1228 (citations omitted).

The Court also found that Plaintiffs' allegations regarding his conditions of confinement failed to allege a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of serious harm."  Plaintiff failed to allege deliberate indifference by any defendant.

The Court ordered Plaintiff to show good cause why his Complaint should not be dismissed for the reasons stated in the MOSC, or to file an amended complaint to cure the deficiencies.  The MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter may be dismissed without further notice for failure to state a claim." (Doc. 11, at 16.)  Plaintiff has failed to respond to the MOSC by the Court's deadline and has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated May 1, 2025, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE